# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHERYL A. HICOK,<br><br>      Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C05-3009-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND OBJECTIONS TO REPORT AND RECOMMENDATION** |

_____

## TABLE OF CONTENTS

***I. INTRODUCTION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    ***A. Factual Background*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    ***B. Procedural Background*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

***II. LEGAL ANALYSIS*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ***A. Standards of Review*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ***B. Discussion*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

***III. CONCLUSION AND DECISION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the decision by an administrative law judge ("ALJ") that plaintiff, Cheryl A. Hicok ("Hicok") is not entitled to Title II disability insurance ("DI") or Title XVI supplemental security income ("SSI") benefits. Hicok sought such benefits on the basis of fibromyalgia; back, neck, leg, foot, hand pain, and other pain complaints. The ALJ's denial of benefits was affirmed at each subsequent stage of the administrative proceedings and, consequently, became the decision of the Commissioner of Social Security, prompting Hicok to file the present action for judicial review. However, United States Magistrate Judge Paul A. Zoss recommended a reversal of the Commissioner's denial of benefits and found the date of disability to be August 28, 2002. *Hicok v. Barnhart*, C05-3009-MWB, 2005 WL 3560718, *1 (N.D. Iowa Dec. 29, 2005). The matter is now before the court on the Commissioner's objections to the recommendation of Judge Zoss.

## I. INTRODUCTION
### A. Factual Background

Hicok was originally diagnosed with osteoarthritis in both knees beginning in 1999 and carpal tunnel syndrome in both hands in 2001. (R. 414). Hicok was subsequently diagnosed with fibromyalgia (chronic pain syndrome) in August 2002. (R. 64-65). Hicok was subsequently and consistently diagnosed with and treated for pain in her knees numerous times without much relief. (R. 362, 370, 381, 383-384, 409, 480-481, 503-506). Various treatments and therapy have been attempted by a succession of health care

providers since the initial onset in 1999. These therapies include medication, pain relievers, injections, physical therapy, exercise, ice, heat, and elevation. (R. 504-506). Knee replacement surgery was suggested as a possible future solution. (R. 489). Hicok's treating physician opined that Hicok was disabled. (R. 488). No treatments have proved effective. The record indicates that the pain becomes so unbearable that site injections provide no relief. (R. 349-350). The record also reveals that relief is unpredictable, as is the required frequency of treatments and, as a result, Hicok also suffers clinical depression from her fibromyalgia and other medical difficulties. (R. 457).

The record shows, and the ALJ found, that Hicok had not engaged in substantial gainful activity since January 2002, but Hicok did have a steady work history with above average earnings until 2002, in fact she worked at her final job for over ten years. (R. 22-25). Hicok was found by the ALJ to have severe impairments including status post bilateral carpal tunnel releases, fibromyalgia, mild osteoarthritis of the knees, mild diffuse degenerative joint disease of the right thumb, exostosis, a small bunion and mild narrowing of the metatarsophalangeal joint of the right foot, degenerative changes in the first metatarsophalangeal joint, a small bunion and a posterior calcaneus osteophyte in the left foot, right shoulder osteoarthritis of the glenohumeral and acromioclavicular joints with acromioclavicular osteophytes and mild lumbar spondylosis that was more prominent at the L1-2. (R. 28-29). In addition, the record indicates that Hicok exhibited symptoms of mitral valve prolapse. (R. 457-458). Physicians also diagnosed Hicok with diffuse degenerative arthritis and fibromyalgia. The record notes that, because of Hicok's medical condition, she has had to make medically needed purchases, such as a van, so that she can enter and exit without great pain and difficulty, a treadmill, and a membership to the YMCA so that she can use the therapy pool on a regular basis. All of these purchases have been made as a medical necessity. (R. 455). The record as a whole indicates that Hicok's's condition has

continued to worsen, rather than improve over the years. *Hicok*, C05-3009-MWB, 2005 WL 3560718 at * 27. Medical opinions reflect that Hicok can merely maintain her health status. (R. 583-584). A search of the record reveals no medical statements indicating potential for recovery nor even improvement.

## B. Procedural Background

The ALJ found that none of the impairments, singly or in combination, equaled the listing requirements. ( R. 22, 29). The ALJ found Hicok could not return to her past relevant work, but she retained the residual functional capacity to make the vocational adjustment to other unskilled work that exists in significant numbers in the local and national economy and, therefore, is not disabled. (R. 29). Hicok's credibility is dispositive in the ALJ's decision. First, the ALJ noted the record indicates Hicok cared for her grandchild, cooked, and dusted, which the ALJ viewed as activities inconsistent with Hicok's allegation of disability. (R. 26 ). Next, the ALJ questioned Hicok's credibility because he doubted that Hicok's medications made her tired where no medical professional indicated those sided effects or that Hicok would need extra rest. (R. 26). The ALJ believed that Hicok exaggerated her symptoms of pain. (R. 26). However, no further evidence was provided to contradict Hicok's subjective complaints of her pain levels. Indeed the medical records indicate that Hicok complained very little about the post-operative pain from her carpel tunnel surgery or her knee repair surgery. (R. 280, 283, 370, 387-389 ). Hicok's chief complaint of insufferable pain was predicated upon her pain symptoms that were eventually diagnosed as fibromyalgia. (R. 327-332,337, 408, 414,460, 495, 583-584). Finally, the ALJ rejected the opinions of Hicok's treating physicians and found those opinions inconsistent with the medical evidence. The ALJ opined that Hicok's treating physicians believed her complaints of pain and in turn, based their medical opinions on

4

Hicok's credibility. (R. 26-29). Overall, the ALJ found the record evidence did not support Hicok's complaints regarding her levels of pain and her functional limitations and he, therefore, did not give her subjective complaints any weight.

In distinct contrast, Judge Zoss found in a Report and Recommendation filed December 29, 2005 (docket no. 11), that the evidence provided by Hicok's treating physicians supports the conclusion that Hicok's fibromyalgia has progressed since 1999, that Hicok is unable to perform full time work, and that substantial evidence in the record supports the date of eligible disability to be August 28, 2002. Judge Zoss found that the record did support Hicok's credibility, that there was substantial evidence on the record to support a finding that Hicok is unable to perform the day-in, day-out activities required to maintain employment, and that she has been disabled since August 28, 2002 which was the point that treatment was not providing any relief.

In objections filed January 11, 2006 (docket no. 12), the Commissioner objects to the Report and Recommendation issued by Judge Zoss. Specifically, the Commissioner objects to Judge Zoss's finding that the ALJ erred in his consideration of Hicok's treating physician's opinions and her credibility regarding the subjective levels of pain and the impact that amount of pain would have on her ability to perform the physical acts required day by day in the competitive and stressful real world. The ALJ's determination of Hicok's residual functional capacity turned on his determination that Hicok was not credible, specifically, that she was exaggerating her pain levels. (R. 22-29). The Commissioner contends that Judge Zoss is re-weighing the evidence and argues that it is the function of the ALJ, not the court, to weigh evidence, judge credibility, and determine whether Hicok is disabled. The Commissioner also objects to Judge Zoss's finding that Hicok's symptoms were disabling as of August 28, 2002.

## II. LEGAL ANALYSIS

### A. *Standards of Review*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)). The Commissioner made a timely objection in this case. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required here. *See* 28 U.S.C. § 636(b)(1).

Because this court must review *de novo* portions of the report and recommendation to which objections have been made, the court must also take note of the standard of review it must apply on judicial review of the ALJ's disability determination. The standard of judicial review for cases involving the denial of social security benefits is based on 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." This standard of review was explained by the Eighth Circuit Court of Appeals as follows:

> Our standard of review is narrow. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir.

> 1998). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support a decision." *Id*. If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision.

*See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Eighth Circuit Court of Appeals has explained, "In reviewing administrative decisions, it is the duty of the Court to evaluate all of the evidence in the record, taking into account whatever in the record fairly detracts from the ALJ's decision." *Hutsell v. Massanari*, 259 F.3d 707, 714 (8th Cir. 2001) (quoting *Easter v. Bowen*, 867 F.2d 1128, 1131 (8th Cir. 1989); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001) ("In assessing the substantiality of the evidence, we must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.") (quoting *Black v. Apfel*, 143 F.3d 383, 385 (8th Cir. 1998), with internal quotations and citations omitted). Therefore, the court must "search the record for evidence contradicting the Commissioner's decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003). Accordingly, in reviewing the record in this case, the court must determine whether substantial evidence on the record as a whole supports the ALJ's decision that Hicok is not disabled.

## B. *Discussion*

The Commissioner contends that Judge Zoss re-weighed the evidence in order to support a finding of disability. However, this court finds that this is not a case in which, even re-weighing the evidence, it is possible to draw inconsistent conclusions from the evidence. *Young*, 221 F.3d at 1068. Instead this is a case in which the quantity and quality of evidence are such that no reasonable person might find it adequate to support the ALJ's decision. *Id*.

More specifically, the Commissioner contends that, contrary to Judge Zoss's finding in the Report and Recommendation, the ALJ properly evaluated and discounted the credibility of Hicok and her treating physicians based on opinions from consulting physicians. Judge Zoss found that one of the consulting physician's opinions was based on one brief examination relying on a thumb x-ray. (R. 536). "'The opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence.'" *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (quoting *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998)). Further, the ALJ offers no reasons for dismissing the treating physicians' opinions and a consistent medical record going back to 1999, other than the treating physicians opinions seemed "conclusory" and that the physicians believed their patient, Hickok, to be credible. (R. 559-567). The record does reveal that physical exercise therapy had been constantly suggested by medical professionals since the onset of Hicok's various medical conditions. (R. 335, 362, 370, 409, 481). The record contains a medical note that Hicok stated she rode her exercise bike nine miles a day. (R. 533). The Commissioner views this notation as evidence that Hicok is not disabled. (Doc. no. 11). The Commissioner asserts that this is an "inconsistency" so substantial and reasonable as to discount nearly seven years of consistent medical history. In effect, the Commissioner's position is that Hicok should be penalized by a denial of benefits when she

was attempting to comply with her physical therapy clearly intended for rehabilitation. The ALJ's rejection of Hicok's lengthy and consistent medical history of significant limitations and medical intervention is without substantial support in the record. In *Forehand v. Barnhart*, 364 F.3d 984, 986 (8th Cir. 2004), the court stated that a treating physician's opinion is generally entitled to substantial weight. In this case, Judge Zoss opined that the ALJ failed to provide adequate reasons for rejecting the treating physician's opinions.

Further, treatment records support Hicok's credibility, as does the two week long vocational evaluation. *Hicok*, C05-3009-MWB, 2005 WL 3560718 at * 25. Hicok's lengthy, consistent medical history supports her claim of disability. The court has made an exhaustive search of this record for substantial evidence which will support the ALJ's decision. That evidence is not here. *White v Barnhart*, 368 F. Supp. 2d 947, 950 (S.D. Iowa 2005). The court cannot reasonably conclude that the notation of riding the exercise bike constitutes substantial evidence to deny Hicok DI and SSI benefits, when there are overwhelming medical records to the contrary. *See Hutsell*, 259 F.3d at 714 ("In reviewing administrative decisions, it is the duty of the Court to evaluate all of the evidence in the record, taking into account whatever in the record fairly detracts from the ALJ's decision.").

It is well-settled law in the Eighth Circuit that credibility findings are, in the first instance, for the ALJ, but a finding that the testimony of a claimant is not credible must be supported by good reasons. *White v Barnhart*, 368 F. Supp. 2d 947, 950 (S.D. Iowa 2005). The court cannot find good reasons to support the ALJ's decision. The court finds Hicok's testimony credible in that she can no longer engage in her past relevant work, a job in which she functioned for over ten years. (R. 56, 57, 74). Hicok was employed in a very physical job of machinist-press operator, requiring stamina and harsh repetitive motion. (R. 55). Hicok also testified that her life has changed, that she can no longer travel or enjoy

recreation, and that she therefore spends most of her time housebound. (R. 67). Hicok stated that she is in pain everyday and has a really "bad day" two or three times a week. (R. 72). The record provided no contrary evidence that Hicok might be drug seeking, malingering, or engaging in attention getting behavior. Thus, the record lacks support for the ALJ's conclusion that Hicok lacks credibility.

In this review of the Commissioner's decision, the court is not substituting its own view of the evidence for that of the Commissioner. *Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). This court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Raney v. Barnhart*, 396 F.3d 1007, 1009 (8th Cir. 2005).

Here, the Commissioner's decision is simply not supported by the vocational expert (VE). (R. 74-88). When the VE was asked the effect that Hicok's medical condition would have on her ability to work, it was the VE's testimony that competitive work is not possible factoring in Hicok's credibilty (R. 83). The VE's opinion does not support the ALJ's finding. (R. 74-88).

Next, a comprehensive search of the record did not reveal any substantial evidence to support the ALJ's decision. The record did not provide evidence to support the ALJ's finding that Hicok lacked credibility. The record did not provide contrary evidence to Hicok's substantial medical record of her claim of incapacitating pain going back to 2000. This is not a case of being in some occasional pain or discomfort while engaged in an activity or employment; the evidence indicates a debilitating pain. *See Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996). Indeed, because of the progressive effects of fibromyalgia, Hicok is not able to function day in and day out in competitive conditions in which real people perform in the productive workplace. *See Forehand,* 364 F.3d at 988 (citing,

among other cases, *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc)). The ALJ's decision is without support of substantial evidence in the record as a whole.

Further, this court adopts the finding of Judge Zoss that, while Hicok did endure the pain of fibromyalgia and did seek and receive treatment as early as 1999, even though the diagnosis of fibromyalgia was delayed, the symptoms did not progress to a level of severity to the point of disability until August 28, 2002. This is the date the court finds substantial evidence to support eligible disability, because as of that date, despite frequent visits to medical providers, Hicok could obtain no relief from her disabling conditions. In addition, the court agrees with Judge Zoss that despite claiming a disability onset date of January 7, 2002, in fact, Hicok collected unemployment benefits until August 2002. Clearly Hicok was not disabled prior to August 2002. *Hicok*, C05-3009-MWB, 2005 WL 3560718 at *25.

The court may affirm, modify, or reverse the Commissioner's decision with or without remand to the Commissioner for rehearing. 42 U.S.C. § 405(g). Since the VE's opinion adds to the substantial evidence of Hicok's disability, it also supports this court's decision to award immediate benefits without remand. A remand to take additional evidence, therefore, would only delay the benefits to which Plaintiff is entitled. In such circumstances, the court may reverse and order an award of benefits. *Duncan v. Barnhart*, 368 F.3d 820, 824 (8th Cir. 2004); *Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991) (where the record itself "convincingly establishes disability and further hearings would merely delay receipt of benefits, an immediate order granting benefits without remand is appropriate") (citing *Jefferey v. Secretary of H.H.S.*, 849 F.2d 1129, 1133 (8th Cir. 1988); *Beeler v. Bowen*, 833 F.2d 124, 127-28 (8th Cir. 1987)); *accord Thomas v. Apfel*, 22 F. Supp. 2d 996, 999 (S.D. Iowa 1998) (where claimant is unable to do any work in the national economy, remand to take additional evidence would only delay receipt of benefits to which claimant is entitled, warranting reversal with award of benefits).

### *III. CONCLUSION AND DECISION*

It is the holding of this court that the Commissioner's decision is not supported by substantial evidence on the record as a whole. Indeed, the court finds only an iota of evidence supporting the ALJ's decision. On the other hand, there is overwhelming evidence in this record which contradicts the Commissioner's decision. Based upon the foregoing, the court **overrules** the Commissioner's objections and **accepts** the Report and Recommendation of Judge Zoss. The final decision of the Commissioner is **reversed** and the Commissioner is **ordered** to award Hicok DI and SSI benefits to which she is entitled from August 28, 2002.

**IT IS SO ORDERED.**

**DATED** this 8th day of March, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA